```
         IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| AGNES ADU, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 11-2635 (JBS/JS) |
| v. | |
| POST OFFICE, | **MEMORANDUM OPINION** |
| Defendant. | |

**SIMANDLE**, District Judge:

    This matter is before the Court on the unopposed motion of Defendant Post Office[1] (hereafter, "United States Postal Service" or "USPS") to dismiss for lack of subject matter jurisdiction. [Docket Item 4.]  The Court finds as follows:

    1.  Plaintiff, proceeding pro se, initially filed this action in the Superior Court of New Jersey, Law Division, Special Civil Part on April 28, 2011.  [Docket Item 1, Ex. A.]  On May 9, 2011, the action was thereafter removed to this Court by Defendant USPS.  [Docket Item 1.]

    2.  On May 17, 2011, Defendant filed its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.  [Docket Item 4.]  Plaintiff has not responded in

---

[1] Plaintiff's Complaint named, as the sole defendant in this action, "Post Office."  The Court construes Plaintiff's Complaint to name the United States Postal Service, an agency of the United States federal government.  See Dilg v. U.S. Postal Serv., 635 F. Supp. 406, 407 (D.N.J. 1986) ("the Postal Service is clearly a 'federal agency' within the broad definition of that term in [28 U.S.C.] § 2671").

opposition to Defendants' motion.

3. Plaintiff's Complaint seeks damages in the amount of $1,000 for Defendant's loss of a phone that Plaintiff apparently sent through the mail.  Not. of Removal Ex. A.  However, the papers filed by Defendant in this matter lead the Court to suspect that the Court does not have access to the full pleadings submitted by Plaintiff in this matter.

4. In Defendant's notice of removal, Defendant recounts Plaintiff's allegations as follows:

> This is a civil action seeking damages for injuries Plaintiff alleges she sustained as the direct and proximate result of the Postal Service's negligent processing and/or handling of an Express Mail package that Plaintiff mailed to a residential address in the Bronx, New York. More specifically, Plaintiff alleges that when she presented her package for mailing, the postal clerk asked her if she wanted to purchase insurance and when she declined because she had previously mailed a package to the same address without a problem, he stated that her package would get lost.

Not. of Removal ¶ 2.  However, the Court notes that the attached summons and Complaint contain no such detailed allegations.  The total allegations contained in the documents attached to Defendant's Notice of Removal state that Plaintiff seeks $1,000 (Not. of Removal Ex. A Form B) and that in the section marked "state the reasons you, the Plaintiff(s), are suing the Defendant(s): attach additional sheets if necessary" Plaintiff states "The Phone got Lost."  (Not. of Removal Ex. A Form A.)

2

The Court, therefore, concludes that Defendant has received additional pleadings from Plaintiff that were not included in the attached Exhibit A.

5.  The Court is therefore unable to decide Defendant's motion, as Defendant relies on alleged facts not present in the pleadings submitted to the Court.  For example, in Defendant's motion to dismiss, Defendant argues, in part, that Plaintiff failed to exhaust available administrative remedies by failing to comply with the Domestic Mail Manual's provisions regarding Express Mail.  However, the pleadings submitted to the Court contain no mention of Express Mail.

6.  It is the responsibility of the removing party -- here, the Post Office -- to attach to its notice of removal "a copy of all process, pleadings, and orders served upon such defendant," 28 U.S.C. § 1446(a).  Apparently, the Post Office has not done so herein.

7.  Consequently, the Court will deny Defendant's motion without prejudice to refiling an amended motion or resubmitting the same motion after submitting to the Court any omitted portions of Plaintiff's pleadings.  The accompanying Order will be entered.

**November 1, 2011**                                      **s/ Jerome B. Simandle**
Date                                                             JEROME B. SIMANDLE
                                                                    United States District Judge