```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| AGNES ADU, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 11-2635 (JBS/JS) |
| v. | |
| POST OFFICE, | **MEMORANDUM OPINION** |
| Defendant. | |

**SIMANDLE**, Chief Judge:

This matter is before the Court on the unopposed motion of Defendant Post Office[1] (hereafter, "United States Postal Service" or "USPS") to dismiss for lack of subject matter jurisdiction. [Docket Item 8.]  The Court finds as follows:

1.  Plaintiff, proceeding pro se, filed this action in the Superior Court of New Jersey, Law Division, Special Civil Part on April 28, 2011.  [Docket Item 1, Ex. A.]  On May 9, 2011, the action was removed to this Court by Defendant USPS, invoking this Court's removal jurisdiction of 28 U.S.C. § 1441(b) because the action, which names the federal agency USPS as a defendant, is founded on a claim or right arising under the laws of the United States.  [Docket Item 1.]

---

[1] Plaintiff's Complaint named, as the sole defendant in this action, "Post Office."  The Court construes Plaintiff's Complaint to name the United States Postal Service, an agency of the United States federal government.  See Dilg v. U.S. Postal Serv., 635 F. Supp. 406, 407 (D.N.J. 1986) ("the Postal Service is clearly a 'federal agency' within the broad definition of that term in [28 U.S.C.] § 2671").

2. Plaintiff's Complaint, attached as Exhibit A to Defendant's notice of removal, is devoid of details regarding the nature of her claims against the USPS. The Court is only able to determine, on the basis of the Complaint, that Plaintiff seeks to recover $1,000 from the USPS because "the Phone got Lost." Compl. at 1, 2.

3. On May 17, 2011, Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. [Docket Item 4.] Plaintiff did not respond to Defendants' motion. On November 1, 2011, the Court denied Defendant's motion without prejudice because Defendant's motion and notice of removal referred to details surrounding Plaintiff's claim that were not contained in Plaintiff's pleadings and which Defendant did not otherwise attribute to any source. [Docket Items 6 & 7.]

4. On November 23, 2011, Defendant filed the instant renewed motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. [Docket Item 8.] In its renewed motion, Defendant explains that the additional information regarding Plaintiff's claim was relayed to Defendant's counsel by USPS Consumer Affairs Representative Kathleen Smith as a result of her investigation following a complaint Plaintiff made to the USPS regarding her lost package. The details supplied by Ms. Smith were included in Defendant's

notice of removal to provide to the Court a short plain statement of the grounds for removal as required under 28 U.S.C. § 1446(a). Defendant attaches a declaration of Ms. Smith which contains a detailed account of these additional facts.

    5.  According to Ms. Smith, on April 5, 2011, Plaintiff mailed a package via Express Mail allegedly containing an iPhone from the Willingboro, New Jersey, Branch of the United States Post Office, addressed to a recipient in New York.  Smith Decl. ¶¶ 3-5.  Plaintiff did not purchase additional insurance on the Express mail package above the automatic insurance provided to all Express Mail packages of $100.  Id. ¶ 5.  The package was apparently not delivered to its intended recipient.  Id.  On April 14, 2011, Plaintiff called the USPS Consumer Affairs Department regarding the lost package and spoke with Ms. Smith. Id. ¶ 6.  In that telephone call, Ms. Smith declares, Plaintiff alleged that the USPS clerk who accepted her Express Mail package "stated that the phone would get lost unless she insured it" but that she did not purchase any additional insurance on the package because she could not afford it.  Id.  Ms. Smith declares that the postal service clerk denied Plaintiff's account of this exchange.  Id. ¶ 7.

    6.  Defendant further includes with its motion to dismiss the declaration of Kenneth Steele, Sr., a supervisor in the Claims and Inquiry Section of the USPS Accounting Service Center.

Steele Decl. ¶ 1.  Mr. Steele reports that, according to USPS records, Plaintiff filed an indemnity claim with the USPS for a lost package on June 22, 2011.  Id. ¶ 6.  On June 29, 2011, the USPS paid Plaintiff $100 under the automatic insurance provided to all Express Mail packages.  Id.  Mr. Steele further reports that USPS records indicate that on August 16, 2011, Plaintiff cashed Defendant's $100 check.  Id.  Mr. Steele also reports that Plaintiff did not appeal the USPS decision to grant her indemnity claim in the amount of $100.  Id. ¶ 7.

7.  Defendant moves to dismiss Plaintiff's claim for lack of subject matter jurisdiction.  Defendant argues that, regardless whether Plaintiff's Complaint is construed as seeking recovery under a theory of tort or contract, the Court is without jurisdiction to adjudicate the dispute.  The Court agrees.

8.  An attack on subject matter jurisdiction can be either facial -- based solely on the allegations in the complaint -- or factual -- looking beyond the allegations to attack jurisdiction in fact.  Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  Where, as here, the challenge to subject matter jurisdiction is factual, the Court is free to weigh the evidence and satisfy itself as to the existence of jurisdiction.  Id.

9.  If Plaintiff's Complaint is construed as seeking tort damages from Defendant USPS, the Court concludes that it lacks

4

subject matter jurisdiction to hear the dispute because the United States has not waived its sovereign immunity for Plaintiff's claim.  Defendant USPS, an "independent establishment of the executive branch of the Government of the United States," "enjoys federal sovereign immunity absent a waiver."  <u>Dolan v. U.S. Postal Serv.</u>, 546 U.S. 481, 483-84 (2006).  The federal government has provided a limited waiver of immunity for tort damages arising out of claims of the USPS in the form of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1).  However, the FTCA does not waive sovereign immunity for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."  28 U.S.C. § 2680(b); <u>Dolan</u>, 546 U.S. at 485.  Thus, construing Plaintiff's Complaint to seek damages for the loss of Plaintiff's mailed package, the Court concludes that it lacks subject matter jurisdiction in this matter because the sovereign Defendant has not consented to be sued in this matter.

    10.  If the Court were to construe Plaintiff's complaint to seek contractual damages from Defendant for the loss of her package, the result is the same.  Defendant has provided evidence that Plaintiff did not purchase insurance for her Express Mail package, that she sought reimbursement for her lost package, and that she was granted reimbursement in the amount of $100.  Steele Decl. ¶¶ 6-7.  Defendant likewise has provided evidence that

Plaintiff did not appeal that determination.  <u>Id.</u>  The Court therefore finds that, to the extent that Plaintiff states a claim for breach of contract, it must be premised on a theory of implied contract, as on the record before the Court, Defendant USPS abided by any express contract to indemnify the loss of Plaintiff's package up to $100.  However, the Court finds that, as with her claim for tort damages, the Court lacks subject matter jurisdiction to hear such a claim against Defendant.  "[A]ssuming that an implied contract of bailment exists between the government and the sender by virtue of a mailing, the government is not liable for loss or damage to mail, except as may be provided in the postal laws and regulations, and none exist here."  <u>Blazavich v. United States</u>, 29 Fed. Cl. 371, 375 (1993).

11.  The burden to prove subject matter jurisdiction is Plaintiff's.  <u>Lightfoot v. United States</u>, 564 F.3d 625, 627 (3d Cir. 2009).  Plaintiff, by failing to respond to Defendant's motion, has not met her burden to prove that subject matter exists in this case.  Moreover, as discussed above, the Court is unaware of any plausible jurisdictional basis for this suit.  Therefore, the Court will grant Defendant's motion to dismiss for lack of subject matter jurisdiction.

12. The accompanying Order will be entered

| | |
|---|---|
| **January 3, 2012** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE<br>United States District Judge |